THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:



DATED: May 10, 2012

Honorable James E. Shapiro
United States Bankruptcy Judge

```
              UNITED STATES BANKRUPTCY COURT
                EASTERN DISTRICT OF WISCONSIN
-----------------------------------------------------------------
In Re:    Van Valkenburgh, William B. and Ilva E.

                                        Case No. 11-36943-jes
                                        Chapter   13
            Debtors.
-----------------------------------------------------------------
            ORDER ALLOWING CLAIM NUMBER FIFTEEN (15)
                 AS A GENERAL UNSECURED CLAIM
-----------------------------------------------------------------
```

Debtors, William B. and Ilva E. Van Valkenburgh, having filed a Chapter 13 Plan seeking to avoid the second mortgage lien of BMO Harris Bank N.A. as successor to M&I Marshall and Ilsley Bank ("Creditor") pursuant to 11 U.S.C. §506(a) and §1322(b)(2); and

The parties having reached an agreement regarding the resolution of this claim dispute, and having filed a Stipulation herein;

IT IS ORDERED THAT the Stipulation is approved, and

IT IS FURTHER ORDERED:

1. That claim number Fifteen (15), filed by Creditor, shall be treated as a general unsecured claim in the amount of $169,247.49, which reflects the balance due on its account as of November 10, 2011; and

2. That, upon entry of the discharge order in the debtor's case, number 11-36943-jes, the mortgage of Creditor, dated May 17, 2007, which mortgage encumbers property more commonly known as

13215 N Hawthorne Ct; Mequon, Wisconsin, which was recorded with the Register of Deeds for Ozaukee County on June 11, 2007, as Document Number 0864763, shall be deemed satisfied.

    3.    That if the debtor's Chapter 13 bankruptcy is dismissed or converted to another chapter under the bankruptcy code, the mortgage of Creditor described above shall remain valid and enforceable.

    4.    In the event the mortgaged property is damaged or destroyed prior to the entry of the discharge order, Creditor is entitled to its full rights as a loss payee with respect to the insurance proceeds, and has a security interest in such proceeds up to the entire balance due on the mortgage.

    5.    If Debtor refinances the mortgage referenced above or sells the property prior to the entry of the discharge order, Creditor is entitled to payment of the entire balance due on the mortgage in full at closing.

    6.    If the senior mortgage holder forecloses on its interest in the property prior to entry of the discharge order, Creditor shall retain its lien on any surplus proceeds from such foreclosure sale.

#####

-2-

Case 11-36943-svk   Doc 31   Filed 05/10/12   Page 2 of 2